SEDGWICK LLP
NICHOLAS J. BOOS (State Bar No. 233399)
nicholas.boos@sedgwicklaw.com
KARA L. DIBIASIO (State Bar No. 294547)
kara.dibiasio@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Facsimile: 415.781.2635

Attorneys for Defendants
UNITRIN AUTO AND HOME INSURANCE COMPANY,
FINANCIAL INDEMNITY COMPANY, and UNITRIN
DIRECT PROPERTY AND CASUALTY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALKER, TASHELL MITCHEL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITRIN AUTO AND HOME INSURANCE COMPANY, FINANCIAL INDEMNITY COMPANY, UNITRIN DIRECT PROPERTY AND CASUALTY COMPANY and DOES 1 TO 25, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (DIVERSITY); DEMAND FOR JURY TRIAL**<br><br>[Originally San Francisco County Superior Court<br>Case No. CGC-14-537802] |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND TO THE CLERK OF THAT COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a) and 1441, defendants Unitrin Auto and Home Insurance Company ("Unitrin Auto") and Financial Indemnity Company ("FIC") hereby remove to this Court the state court action described below.

### THE STATE COURT PLEADING

1. On March 5, 2014, Plaintiffs Michael Walker and Tashell Mitchel (collectively "Plaintiffs") filed a complaint in the Superior Court of the State of California, County of San

Francisco, bearing case number CGC-14-537802, alleging breach of contract and breach of the covenant of good faith and fair dealing (the "Complaint"). The Complaint names as defendants "Unitrin Auto and Home Insurance Company, Financial Indemnity Company, Unitrin Direct Property and Casualty Company and Does 1 to 25 inclusive" and alleges claims based on an insurance policy issued by FIC to Walker.

2. On June 11, 2014, Plaintiffs filed a Proof of Service of Summons pertaining to Unitrin Direct Property and Casualty Company ("Unitrin Direct"). The Proof of Service of Summons states that Unitrin Direct was served via personal service on May 6, 2014. A true and correct copy of the Proof of Service of Summons that was filed with the Court on June 11, 2014 is attached as **Exhibit A** to the Declaration of Nicholas J. Boos in Support of Defendants' Notice of Removal of Civil Action to United States District Court for the Northern District of California (Diversity) filed concurrently herewith ("Boos Decl."). (Boos Decl., ¶ 2.) Unitrin Direct disputes that it was served as asserted in the Proof of Service of Summons.

3. On June 12, 2014, Unitrin Auto and FIC were served with the following: a copy of the Summons; Mitchel's Statement of Damages alleged against Unitrin Direct; Walker's Statement of Damages alleged against Unitrin Direct; Walker's Statement of Damages alleged against FIC; Walker's Statement of Damages alleged against Unitrin Auto; Mitchel's Statement of Damages alleged against FIC; Mitchel's Statement of Damages alleged against Unitrin Auto; and the Complaint. True and correct copies of all documents served on Unitrin Auto and FIC on June 12, 2014 are attached as **Exhibits B** and **C**, respectively, to the Boos Declaration filed herewith. (Boos Decl., ¶ 3, 4.)

4. On June 13, 2014, Plaintiffs filed a Request for Entry of Default against Unitrin Direct, asserting an entitlement to $2,172,641.00. A true and correct copy of the Request for Entry of Default is attached as **Exhibit D** to the Boos Declaration filed herewith. (Boos Decl., ¶ 5.)

5. On June 26, 2014, Unitrin Auto and FIC each filed an Answer to the Complaint in the Superior Court. True and correct copies of Unitrin Auto's and FIC's Answers are attached as **Exhibits E** and **F**, respectively, to the Boos Declaration filed herewith. (Boos

Decl., ¶¶ 6-7.) Unitrin Auto's and FIC's Answers were filed by their former counsel of record. Substitution of Attorneys forms were filed with the San Francisco Superior Court on July 11, 2014, designating new counsel of record for Unitrin Auto and FIC. True and correct copies of the Substitution of Attorney forms are attached as **Exhibit G** to the Boos Declaration filed herewith. (Boos Decl., ¶ 8.)

6. Pursuant to 28 U.S.C. § 1446(a), **Exhibits A-G** to the Boos Declaration include all process, pleadings and orders served on the Defendants as of the date of the filing of this Notice of Removal.

7. Counsel for Defendants will file a Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco, and written notice will be provided to counsel for Plaintiffs, in accordance with 28 U.S.C. § 1446(d).

## NOTICE OF REMOVAL IS TIMELY

8. As described in paragraph 3 above, Unitrin Auto and FIC were served with a copy of the Complaint and Summons on June 12, 2014.

9. This Notice of Removal is timely, having been filed within thirty (30) days of first service of the Complaint upon the removing Defendants and within one year of the date upon which the action was originally filed in state court. *See* U.S.C. § 1446(b).

## ALL DEFENDANTS HAVE PROPERLY JOINED IN THIS NOTICE OF REMOVAL

10. As described in paragraph 2 above, the Proof of Service of Summons filed with the Superior Court of California for the County of San Francisco, states that Unitrin Direct was served on May 6, 2014. Unitrin Direct disputes that it was served as stated in the Proof of Service of Summons, but, in any event, and without waiving any rights to challenge the existence and propriety of service, Unitrin Direct joins the removing defendants, pursuant to 28 U.S.C. § 1446(2)(A). (*See* Joinder in Notice of Removal of Civil Action to United States District Court for the Northern District of California (Diversity), filed concurrently herewith.)

11. Entry of default does not bar removal of this action to this Court. *See Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) (holding that "[t]he federal court takes the case

as it finds it on removal" when defendant removed the action to federal court after entry of default judgment in the state court).

## THE PARTIES ARE OF DIVERSE CITIZENSHIP AND THIS MATTER EXCEEDS THE JURISDICTIONAL MINIMUM

12. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Unitrin Auto and FIC pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

13. This action is between citizens of different states based on the following:

   a. Plaintiffs Michael Walker and Tashell Mitchel are both citizens of the State of California. (Complaint, ¶ 1.)

   b. Defendant Unitrin Auto is, and at the time of filing of the Complaint was, a corporation organized and existing under the laws of the state of New York with its principal place of business in Florida. Unitrin Auto is therefore a citizen of both New York and Florida. *See* 28 U.S.C. § 1332(c)(1).

   c. Defendant FIC is, and at the time of filing of the Complaint was, a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Texas. FIC is therefore a citizen of both Illinois and Texas. *See Id.*

   d. Defendant Unitrin Direct is, and at the time of filing of the Complaint was, a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Illinois. Unitrin Direct is therefore a citizen of Illinois. *See Id.*

   e. Although the complaint names twenty-five "Doe" defendants, the citizenship of fictitiously named defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1).

   f. Complete diversity requires diversity between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d

415 (2005). That multiple defendants are citizens of the same state does not defeat complete diversity of citizenship; all named Defendants are citizens of different states than Plaintiffs.

14. This action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs, based on the following:

    a. Where a complaint is unclear about the amount of damages sought by the plaintiff, the notice of removal may assert the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). In the event that the plaintiff's damages are unspecified, removal will be upheld if the defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The Court may consider "facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).

    b. The Complaint does not specify the amount of Plaintiffs' alleged damages. However, Plaintiffs each served Statements of Damages alleging damages against each Defendant totaling $5,170,000. Each Statement of Damages alleges an entitlement to the following amounts: $500,000 in pain, suffering, and inconvenience; $1,500,000 in emotional distress; $20,000 in loss of earnings; $50,000 in property damage; $100,000 in attorney's fees; and $3,000,000 in punitive damages. (Boos Decl., ¶ 3, Ex. B.)

    c. In addition to Plaintiffs' alleged general damages, it is proper for the Court to take Plaintiffs' claimed attorney's fees into account in determining the amount in controversy in an action alleging insurer bad faith. *See Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985) ("the attorney's fees are an economic loss—damages—proximately caused by the tort"). Further, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

15. Although Defendants deny that the foregoing potential damages are merited in this case, Plaintiffs' Complaint and Statements of Damages have placed them in controversy. Accordingly, the amount in controversy in this action exceeds $75,000.

WHEREFORE, Unitrin Auto and FIC hereby request that this action now pending in the Superior Court of the State of California for the County of San Francisco be removed directly to the United States District Court for the Northern District of California.

DATED: July 11, 2014

Respectfully submitted,

SEDGWICK LLP

By: _____
Nicholas J. Boos
Kara L. DiBiasio
Attorneys for Defendants
UNITRIN AUTO AND HOME INSURANCE COMPANY, FINANCIAL INDEMNITY COMPANY, and UNITRIN DIRECT PROPERTY AND CASUALTY COMPANY

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury in this action.

DATED: July 11, 2014

Respectfully submitted,

SEDGWICK LLP

By: _____
Nicholas J. Boos
Kara L. DiBiasio
Attorneys for Defendants
UNITRIN AUTO AND HOME INSURANCE COMPANY, FINANCIAL INDEMNITY COMPANY, and UNITRIN DIRECT PROPERTY AND CASUALTY COMPANY

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick LLP, 333 Bush Street, 30th Floor, San Francisco, CA 94104-2834. On July 11, 2014, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (DIVERSITY); DEMAND FOR JURY TRIAL**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☑ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ ELECTRONIC – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via [delivery method].

| | |
|---|---|
| John Fitzpatrick Vannucci<br>Law offices of John Fitzpatrick Vannucci<br>100 Montgomery Street, Ste 1600<br>San Francisco, CA 94104<br>Tel: 415 981-7500<br>Fax: 415-891-5700<br>E-mail jfv@jfvlaw.com | Attorneys for Plaintiffs |
| Michael F. Hardiman<br>Lauren O'Brien<br>Hardiman & Carroll<br>180 Grand Avenue, Suite 420<br>Oakland, CA 94612<br>Tel: 415-248-3930<br>Fax: 415-248-3933<br>E-Mail: mhardiman@sflawfirm.com | Attorneys for Defendant FINANCIAL INDEMNITY COMPANY |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2014, at San Francisco, California.

_____
Trish Marwedel