UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WALKER,

        Plaintiff,

    v.

FINANCIAL INDEMNITY COMPANY,

        Defendant.

No. C14-3161 EMC

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**(Docket No. 46)**

## I. BACKGROUND

In May 2011, Plaintiff Michael Walker's Range Rover was found completely burned by the side of a highway in Novato. Walker made a claim with his insurer, Defendant Financial Indemnity Company (FIC). After investigating the claimed loss, FIC came to suspect fraud and requested Walker to sit for an examination under oath (often referred to as an EUO) pursuant to the terms of his policy. At his examination under oath, Walker was asked numerous questions about his financial condition, such as "where did you obtain the money to purchase the car"; "what sources of income did you have in 2011"; and "have you worked in the last five years." Walker's counsel instructed him not to answer these questions for privacy reasons. Walker also declined to provide certain requested financial documentation, such as his tax returns and bank statements. Consequently, FIC denied Walker coverage for his claim. FIC wrote that there was no coverage under the policy because Walker failed to cooperate with FIC's investigation into the circumstances of the loss. Docket No. 48 (Glenn Decl.), Ex. H.

Walker filed this suit for breach of contract and breach of the implied covenant of good faith and fair dealing. *See* Docket No. 3-2 at 11 (Complaint). FIC now moves for summary judgment that Walker was not entitled to policy benefits as a matter of law because he refused to answer material questions at his examination under oath and failed to otherwise cooperate with FIC's investigation. Because a number of key facts remain in dispute, Defendant's motion for summary judgment is **DENIED.**

## II.  DISCUSSION

California law is clear: An insured must typically answer *material* questions posed at an examination under oath or else forfeit the right to receive any benefits under the policy. *See, e.g.*, *Abdelhamid v. Fire Ins. Exchange*, 182 Cal. App. 4th 990, 1001 (2010); *Ram v. Infinity Select Ins.*, 807 F. Supp. 2d 843, 859 (N.D. Cal. 2011). Information is "material" if it relates "to matters reasonably relevant to [the insurer's] investigation of [the] claim and determination of its obligations under the policy." *Ram*, 807 F. Supp. 2d at 854. As Chief Magistrate Judge Spero has explained, "[m]ateriality is generally a mixed question of law and fact; however, it may be decided as a matter of law if reasonable minds could not differ as to the materiality of the [information requested]." *Id.* (citations omitted).

Whether the financial information FIC requested from Walker was "material" appears disputed. Walker has provided evidence, which this Court accepts as true for the purpose of Defendants' summary judgment motion,[1] that his vehicle was (1) worth roughly $7,000 at the time of the loss, (2) entirely paid off, and (3) in good working order at the time it was burned. *See, e.g.*, Walker Decl. at ¶ 3. Walker argues that in light of these facts, he would have had little motive to file a false insurance claim--if he needed money he could just as easily sell his car for its market value rather than stage its theft, and then set the vehicle on fire.[2] Nevertheless, FIC has presented

---

[1] *See Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2013).

[2] On this basis, Plaintiff distinguishes cases such as *Abdelhamid*, where the Court of Appeal concluded that questions regarding a homeowner's possible financial motive to commit insurance fraud/arson were material as a matter of law. *Abdelhamid*, 182 Cal. App. 4th at 1001. According to Plaintiff, while an underwater homeowner may have substantial incentive to destroy their own home to claim significant insurance proceeds, Plaintiff would not have a similar motive to obtain a mere $7,000 payout from his insurer.

2

evidence that it had numerous reasons to suspect that Walker had, in fact, committed insurance fraud. Ultimately, the fact finder will be asked to weigh this competing evidence to determine whether FIC needed the requested financial information in order to investigate Walker's claim and determine its obligations under the policy.

In any event, and even if FIC could show materiality as a matter of law, it cannot establish that its investigation was prejudiced by Walker's refusal to answer questions about his finances at the EUO. FIC argues it need not show prejudice, citing *Brizuela v. CalFarm Insurance Co.*, 116 Cal. App. 4th 578 (2004). But *Brizuela* merely holds that an insurer is prejudiced as a matter of law where an insured fails to sit for an examination at oath *at all*. *See id.* at 590 (holding that a "refusal to submit" to an examination under oath is necessarily prejudicial). It is not disputed that Walker sat for an examination under oath and answered a substantial number of FIC's questions. *See* Docket No. 47 (Garcia Decl.) at Ex. B. Thus, FIC "must demonstrate that it has been 'substantially prejudiced' by [its] insured's breach of the contractual duty to cooperate in the investigation of a claim, when the insurer is asserting such breach as a defense to an action on the policy." *Brizuela*, 116 Cal. App. 4th at 590 (citing *Campbell v. Allstate Ins. Co.*, 60 Cal. 2d 303, 305 (1963)). As Judge Spero has explained, "[i]n contrast to the refusal to submit to an examination, which is necessarily prejudicial to the insurer, refusal to cooperate as to particular matters during that examination may be significant or may be trivial, therefore requiring the insurer to show that it has been prejudiced." *Ram*, 807 F. Supp. 2d at 857. Indeed, the California Insurance Code expressly requires a finding of prejudice:

> In an examination under oath, an insured may assert any objection that can be made in a deposition under state or federal law. However, if as a result of asserting an objection, an insured fails to provide an answer to a material question, *and that failure prevents the insurer from being able to determine the extent of loss and validity of the claim*, the rights of the insured under the contract may be affected.

Cal. Ins. Code § 2071.1(a)(6) (emphasis added).

"[A] determination as to whether an insured breached his duty to cooperate and whether an insurer was prejudiced by that breach are questions of fact." *Ram*, 807 F. Supp. 2d at 857 (citing *Martinez v. Infinity Ins. Co.*, 714 F. Supp. 2d 1057, 1062 (C.D. Cal. 2010). On an insurer's motion for summary judgment, a court may only hold that the insurer was prejudiced by the insured's

3

1 failure to answer material questions at an EUO where the facts are "uniformly unfavorable" to the
2 insured. *Id.* at 858. Here, that standard is not met. Indeed, before FIC ever asked Walker to sit for
3 an examination under oath, the company already had a great deal of evidence that led it to suspect
4 that Walker's insurance claim was fraudulent.[3] While more information might have helped further
5 confirm (or allay) FIC's suspicions, only a jury can decide whether FIC was "substantially
6 prejudiced" by Walker's refusal to provide this additional information. A reasonable jury could
7 conclude that FIC already had all of the information it needed to adjust Walker's claim at the time it
8 requested his EUO. Hence, summary judgment is not appropriate here.

This Order disposes of Docket No. 46

IT IS SO ORDERED.

Dated: June 5, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[3] The Court wishes to make clear that it is not deciding whether Walker did (or did not) actually commit fraud. Indeed, such a determination is irrelevant to the resolution of this contract action.

4