United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITRIN AUTO & HOME INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 14-cv-03161-EMC<br><br>**ORDER GRANTING DEFENDANT'S LEAVE TO AMEND**<br><br>Docket No. 69 |

The parties have submitted a joint letter regarding a discovery dispute to the Court. The dispute centers on whether Defendant Financial Indemnity Company ("FIC") should be permitted to amend its responses to certain requests for admission propounded by Plaintiff Michael Walker. Having considered the joint letter, the Court hereby **GRANTS** FIC leave to amend its responses.

Under Federal Rule of Civil Procedure 36(b),

> [a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e) [which governs final pretrial conference orders], the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Mr. Walker does not dispute that amendment would promote the presentation of the merits of the action. Although he asserts prejudice, the Court finds that he has failed to adequately establish such. *See Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (noting that "[t]he party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case"). First, FIC is asking leave to amend well in advance of trial, which is currently set for April 2016. *See id.* (noting that "[c]ourts

1 are more likely to find prejudice when the motion for withdrawal is made in the middle of trial").

2 Second, although fact discovery is to close on October 8, 2015, it appears that Mr. Walker has

3 already taken some discovery regarding the advice-of-counsel defense (*e.g.*, depositions).  If Mr.

4 Walker feels that additional discovery is needed in order to properly respond to the advice-of-

5 counsel defense, the Court is open to discovery on this subject matter alone extending beyond the

6 October 8 deadline.  The Court expects the parties to meet and confer regarding any discovery

7 extending beyond the October 8 deadline.

8     This order disposes of Docket No. 69.

10 **IT IS SO ORDERED**.

12 Dated: September 29, 2015

_____

EDWARD M. CHEN
United States District Judge