UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WALKER,

                    Plaintiff,

        v.

UNITRIN AUTO & HOME INSURANCE
COMPANY, et al.,

                    Defendants.

Case No.  14-cv-03161-EMC

**ORDER RE COURT'S PROPOSED
JURY INSTRUCTIONS**

Docket No.

        The Court's proposed jury instructions are reproduced below.  Any party wishing to object

or otherwise comment on the Court's proposed jury instructions is ordered to file objections or

comments by March 25, 2016.


        **IT IS SO ORDERED**.


Dated: March 21, 2016

_____
EDWARD M. CHEN
United States District Judge

**PRELIMINARY JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. \_\_\_\_**
**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.1A.
Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

1

2                                    **JURY INSTRUCTION NO. ____**

3                                       **CLAIMS AND DEFENSES**

4

5          To help you follow the evidence, I will give you a brief summary of the positions of the

6   parties:

7          Defendant Financial Indemnity Company insured Plaintiff Michael Walker, under an

8   automobile policy, for his vehicles.  On May 22, 2011, Plaintiff Michael Walker's vehicle was

9   reported stolen to Financial Indemnity Company.  Plaintiff Michael Walker alleges Defendant

10  Financial Indemnity Company failed to properly investigate the claim and unreasonably refused to

11  pay the claim.  Defendant Financial Indemnity Company denies these allegations and alleges

12  Michael Walker refused to cooperate with its investigation of the claim and that Financial

13  Indemnity Company was prejudiced.  Plaintiff Michael Walker claims damages for the value of

14  the vehicle, for attorney fees, for mental anguish and emotional distress, and punitive damages.

15         Defendant Financial Indemnity Company denies it breached the term of the insurance

16  contract by denying Walker's claim and contends it did not withhold policy benefits unreasonably

17  or without proper cause.  It also disputes Walker's claims for damages.

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. _____**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.3.

Court Notes: The parties have stipulated to this instruction.

Although the parties have stipulated to this instruction, Mr. Walker has also asked the Court to give an additional instruction on the burden of proof/preponderance of the evidence – one that comes from CACI.  *See* Prop. Jury Instructions at 11.  CACI 200 provides as follows:

> A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true.  This is referred to as "the burden of proof."
>
> After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it.  You should consider all the evidence, no matter which party produced the evidence.
>
> In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt.  But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

CACI 200.  The Court does not see the need to give both the Ninth Circuit model instruction and CACI 200.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

~~JURY INSTRUCTION NO. ____~~

~~BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE~~

~~When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.~~

~~You should base your decision on all of the evidence, regardless of which party presented it.~~

Authority: 9th Cir. Model Civil Jury Instruction No. 1.4.

Court Notes: The parties have stipulated to this instruction.

Although the parties have stipulated to this instruction, the clear-and-convincing burden of proof seems to be at issue only because of Mr. Walker's claim for punitive damages.  See Cal. Civ. Code § 3294(a) (providing that, "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant").  Assuming bifurcation, the Court shall not give the instruction as part of the preliminary or final instructions during the liability phase of trial.  If the issue of punitive damages is presented to the jury, the Court will give an instruction as set forth in the instruction regarding punitive damages.

The Court also notes that, similar to above, Mr. Walker has asked the Court to give the CACI instruction on clear and convincing evidence.  *See* Prop. Jury Instructions at 14.  CACI 201 provides: "Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof.  This means the party must persuade you that it is highly probable that the fact is true.  I will tell you specifically which facts must be proved by clear and convincing evidence." CACI 201.  The Court does not see the need to give both the Ninth Circuit model instruction and CACI 201.

**JURY INSTRUCTION NO. _____**

**WHAT IS EVIDENCE**


The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.6.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. ____**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.7.

Court Notes: The parties have stipulated to this instruction.  In light of this stipulated instruction, the Court shall not give the instruction (proposed by FIC) regarding arguments of counsel not being evidence of damages.  *See* Prop. Jury Instructions at 79 (citing CACI 3925).

**JURY INSTRUCTION NO. \_\_\_\_**

**EVIDENCE FOR A LIMITED PURPOSE**


Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

~~[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]~~


Authority: 9th Cir. Model Civil Jury Instruction No. 1.8 (modified).

Court Notes: The parties have stipulated to this instruction.  As the Court shall be giving the instruction as part of the preliminary instructions, the Court has stricken the last paragraph in the instruction.  If requested, the Court may give the instruction before or during testimony if appropriate.

**JURY INSTRUCTION NO. ____**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.9.

Court Notes: The parties have stipulated to this instruction.  The Court has modified the parties' stipulated instruction – more specifically, to include the example regarding circumstantial evidence.  That example comes from the Ninth Circuit model jury instruction comments.

1

2

3

United States District Court
For the Northern District of California

**JURY INSTRUCTION**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.10.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. ____**

**CREDIBILITY OF WITNESSES**


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.11.

Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. _____**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such

12

1              as consulting dictionaries, searching the Internet or using other

2              reference materials; and do not make any investigation or in any

3              other way try to learn about the case on your own.

4        The law requires these restrictions to ensure the parties have a fair trial based on the same

5  evidence that each party has had an opportunity to address.  A juror who violates these restrictions

6  jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the

7  entire trial process to start over].  If any juror is exposed to any outside information, please notify

8  the court immediately.

9

10  Authority: 9th Cir. Model Civil Jury Instruction No. 1.12.

11  Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.13.

Court Notes: FIC has offered this instruction.  The Court shall give the instruction.  It is one that the Court typically gives, as noted in its pretrial order.  Although Mr. Walker appears to dispute the need for this instruction, he has not explained why.

**JURY INSTRUCTION NO. _____**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the envelopes in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.14.

Court Notes: The parties have stipulated to this instruction.

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

### JURY INSTRUCTION NO. ____
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.18.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. _____**

**OUTLINE OF TRIAL**


  Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

  The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

  After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

  After that, you will go to the jury room to deliberate on your verdict.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.19.

Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**INSTRUCTIONS DURING TRIAL**

**JURY INSTRUCTION NO. ____**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

The stipulated facts are as follows:

1. FIC issued California Private Passenger Auto Policy no. FCFIPP3472761-00 to named insured Michael Walker for the policy period February 23, 2011 to August 23, 2011. The policy provided coverage for a 2000 Range Rover ("Insured Vehicle").

2. The policy originally provided only liability coverage.

3. On March 9, 2011, plaintiff purchased additional coverage under "Part D – Coverage For Damage to Your Auto."

4. The policy states, under "Part IV – Car Damage," that FIC will "pay for loss to your insured car . . . not caused by collision."

5. The policy also states that "[n]o coverage will be provided to any person who has knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim."

6. The policy also states that FIC "may void this policy for fraud or misrepresentation even after the occurrence of an accident or loss. This means that we will not be liable for any claims or damages, which would otherwise be covered."

7. The policy states that a person making a claim for coverage under the policy must (1) "[c]ooperate with [FIC] and assist us in any matter concerning a claim or suit" and (2) "[s]ubmit to examinations under oath by any person named by [FIC], as often as may reasonably be required, at any reasonable time and place that [FIC] so designate[s]."

8. The policy states that FIC "may not be sued unless there is full compliance with all of the terms of this policy."

18

1   9.      Tashell Mitchell was the registered owner of the Insured Vehicle.

2

3   Authority: 9th Cir. Model Civil Jury Instruction No. 2.2 (modified).

4   Court Notes: As stated in the Court's final pretrial conference order, the Court intends to include

5   the parties' statement of undisputed facts (as provided in the joint pretrial conference statement) as

6   a jury instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. _____**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  ~~[When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]~~

~~The deposition of [witness] was taken on [date].~~  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.4.

Court Notes: The parties have stipulated to this instruction.  Because neither party seems to have identified a witness who will testify as part of its case-in-chief by deposition only (*i.e.*, in lieu of live testimony), the Court has eliminated much of the language in the model instruction.

**JURY INSTRUCTION NO. ____**

**IMPEACHMENT EVIDENCE – WITNESS**


The evidence that a witness, e.g., ~~has been convicted of a crime,~~ lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.


Authority: 9th Cir. Model Civil Jury Instruction No. 2.8.

Court Notes: The parties have stipulated to this instruction.  The Court has modified the parties' stipulated instruction because the Court shall not be admitting evidence of Mr. Walker's past crimes.  The Court may need to modify this instruction depending on the circumstances at trial.

**JURY INSTRUCTION NO. \_\_\_\_**

**USE OF INTERROGATORIES OF A PARTY**


Evidence will now presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.


Authority: 9th Cir. Model Civil Jury Instruction No. 2.10.

Court Notes: The parties have stipulated to this instruction.  The Court shall give this instruction only if a party relies on an interrogatory response.  If the parties intend to introduce responses to request for admissions, an instruction is needed.

**JURY INSTRUCTION NO. \_\_\_\_**

**EXPERT OPINION**


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.


Authority: 9th Cir. Model Civil Jury Instruction No. 2.11.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. ____**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.12.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. \_\_\_\_**

**CHARTS AND SUMMARIES IN EVIDENCE**


Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


Authority: 9th Cir. Model Civil Jury Instruction No. 2.13.

Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. ____**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and

refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.14.

Court Notes: The parties have stipulated to this instruction.

Although the parties have so stipulated, the Court does not intend to give the instruction as the jury will not have available to it (in the jury room) a computer, projector, printer, and/or accessory equipment since it appears that all exhibits are in paper form.

**FINAL JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. \_\_\_\_**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.1C.

Court Notes: The parties have stipulated to this instruction.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. _____**

**CLAIMS ASSERTED**

The plaintiff asserts two claims against the defendant: (1) breach of the contractual duty to pay a covered claim and (2) breach of the implied obligation of good faith and fair dealing.

Court Notes: This instruction will likely assist the jury in that it provides a roadmap for the following instructions.

1

~~JURY INSTRUCTION NO. ____~~

2

~~SPECIAL INSTRUCTION—BREACH OF CONTRACT~~

3

4       An insurance policy is a contract or an agreement between the insurance company and the

5   insured.  The rights of the parties depend on the words of the contract.

6

7   Court Notes: FIC has offered this instruction.  It is not opposed.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. _____**

**BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM –**

**ESSENTIAL FACTUAL ELEMENTS**

The plaintiff claims that the defendant breached its contractual duty to pay him for a loss covered under an insurance policy.  To establish this claim, the plaintiff must prove all of the following:

1.    That the plaintiff suffered a loss, all or part of which was covered under an insurance policy with the defendant;

2.    That the defendant was notified of the loss;

3.    The amount of the covered loss that the defendant failed to pay; and

4.    That the plaintiff did all, or substantially all, of the significant things that the policy required him to do; or that he was excused from doing so.

Authority: CACI 2300 (modified).

Court Notes: FIC has offered this instruction.  Mr. Walker has offered instructions that apply to breaches of contract generally, and not breaches of insurance contracts specifically.  *See* Prop. Jury Instructions at 33-34, 38 (citing CACI 300, 302-03).  Because the specific breach of contract at issue here is breach of an insurance contract, the Court agrees with FIC that CACI 2300 is the more appropriate instruction to give.

FIC has proposed a modification to CACI 2300 – more specifically, to include language along the lines of element (4) above.  See Prop. Jury Instructions at 37 (suggesting the following language: "That Walker performed the conditions required of him under the policy, or was excused from complying with the conditions required of him under the policy").  The Court agrees that some kind of modification is appropriate given the factual situation presented in this case.  However, rather than adopting the language proposed by FIC, the Court has imported language used in CACI 303, which is used for general breaches of contracts.  *See* CACI 303 (including the following language: "That [plaintiff] did all, or substantially all, of the significant things that the

1    contract required [him] to do" or "That [plaintiff] was excused from having to [specify things that

2    plaintiff did not do, *e.g.*, obtain a guarantor on the contract]").

3            Because the Court is including a modification along the lines proposed by FIC, the Court

4    does not see the need to give the additional instructions proposed by FIC regarding conditions

5    precedent.  *See* Prop. Jury Instructions at 40-43 (citing, *inter alia*, CACI 322 and *Abdelhamid v.*

6    *Fire Ins. Exch.*, 182 Cal. App. 4th 990 (2010)).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~**JURY INSTRUCTION NO. ____**~~

~~**SPECIAL INSTRUCTION – MATERIALITY OF FINANCIAL CONDITION WHERE**~~

~~**INSURER REASONABLY SUSPECTS ARSON**~~

~~Where an insurer has reason to suspect arson, it is relevant and material for the insurer to inquire into the financial condition of the insured because an insured is entitled to develop circumstantial evidence of the insured's involvement in the suspected arson.~~

Court Notes: FIC has offered this instruction. The Court shall not give the instruction as proposed. However, the Court is inclined to give the following instruction.

**JURY INSTRUCTION NO. ____**
**BREACH OF CONTRACTUAL DUTY TO PAY A COVERED**
**CLAIM –**
**PLAINTIFF'S NONPERFORMANCE OF CONTRACTUAL**
**OBLIGATIONS**

The defendant contends that the plaintiff did not do all, or substantially all, of the significant things that the policy required him to do. Under the policy, "[a] person or organization claiming any coverage under this policy must . . . [c]ooperate with us and assist us in any matter concerning a claim or suit" and "[s]ubmit to examinations under oath by any person named by us, as often as may reasonably be required, at any reasonable time and place that we so designate." According to the defendant, the plaintiff failed to comply with these provisions by failing to answer questions about his finances during his examination under oath and by failing to provide financial documents.

An insured is required to answer questions posed at an examination under oath or otherwise provide information to the insurer so long as the insurer is asking for material information. Information is material if it relates to matters reasonably relevant to the insurer's investigation of the claim and determination of its obligations under the policy.

Even where the requested information is material, an insured's failure to provide the information must prejudice an insurer's investigation and determination of its obligations in order to void the policy.

Here, the parties do not dispute that, where an insurer has reason to suspect arson, it is permissible for the insurer to inquire into the financial condition of the insured because an insurer is entitled to develop circumstantial evidence of the insured's involvement in the

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

suspected arson.  However, the parties dispute whether, in the pending case, the defendant had a legitimate reason to suspect arson and, even if it did, whether the financial information sought by the defendant was material in light of the information it already had in its possession.  The parties also dispute whether the plaintiff's failure to provide information prejudiced the defendant.

The plaintiff has the burden of proving that the defendant did not have a reason to suspect arson and that the defendant was not asking for material information.  If the plaintiff meets that burden, then the defendant has the burden of proving that the plaintiff's failure to provide material information was prejudicial.

*See* Docket No. 62 (Order at 2-4); *Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 1001 (2010); *Ram v. Infinity Select Ins.*, 807 F. Supp. 2d 843, 857-60 (N.D. Cal. 2011); *Campbell v. Allstate Ins. Co.*, 60 Cal. 2d 303, 306 (1963).

## ~~JURY INSTRUCTION NO. ____~~

## ~~INTERPRETATION—MEANING OF ORDINARY WORDS~~

~~You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.~~

Authority: CACI 315.

Court Notes: Mr. Walker has offered this instruction.  The Court shall not give the instruction.  It agrees with FIC that the instruction is unnecessary because resolution of this case does not require interpretation of any policy term.

~~JURY INSTRUCTION NO. ____~~

~~INTERPRETATION—CONSTRUCTION OF CONTRACT AS A WHOLE~~

~~In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts.  You should use each part to help you interpret the others, so that all the parts make sense when taken together.~~

Authority: CACI 317.

Court Notes: Mr. Walker has offered this instruction.  The Court shall not give the instruction.  It agrees with FIC that the instruction is unnecessary because resolution of this case does not require interpretation of any policy term.

1      ~~**JURY INSTRUCTION NO. ____**~~

2      ~~**INTERPRETATION—REASONABLE TIME**~~

3

4      ~~If a contract does not state a specific time in which the parties are to meet the requirements~~

5      ~~of the contract, then the parties must meet them within a reasonable time.  What is a reasonable~~

6      ~~time depends on the facts of each case, including the subject matter of the contract, the reasons~~

7      ~~each party entered into the contract, and the intentions of the parties at the time they entered the~~

8      ~~contract.~~

9

10     Authority: CACI 319.

11     Court Notes: Mr. Walker has offered this instruction.  The Court shall not give the instruction.  It

12     agrees with FIC that the instruction is unnecessary because resolution of this case does not require

13     interpretation of any policy term.

United States District Court
For the Northern District of California

1

2

## ~~JURY INSTRUCTION NO. ____~~

## ~~INTERPRETATION — CONSTRUCTION AGAINST DRAFTER~~

3

4      ~~In determining the meaning of the words of the contract, you must first consider all of the~~

5 ~~other instructions that I have given you. If, after considering these instructions, you still cannot~~

6 ~~agree on the meaning of the words, then you should interpret the contract against [the party that~~

7 ~~drafted the disputed words/the party that caused the uncertainty].~~

8

9 Authority: CACI 320.

10 Court Notes: Mr. Walker has offered this instruction. The Court shall not give the instruction. It

11 agrees with FIC that the instruction is unnecessary because resolution of this case does not require

12 interpretation of any policy term.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____**

**BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING –**

**IMPLIED OBLIGATION EXPLAINED**

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement.

To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

To breach the implied obligation of good faith and fair dealing, an insurance company must, unreasonably or without proper cause, act or fail to act in a manner that deprives the insured of the benefits of the policy.  It is not a mere failure to exercise reasonable care.  However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.

Authority: CACI 2330.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. ____**

**BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING –**

**FAILURE TO PAY –**

**ESSENTIAL FACTUAL ELEMENTS**

The plaintiff claims that the defendant breached the obligation of good faith and fair dealing by failing to pay benefits due under the insurance policy.  To establish this claim, the plaintiff must prove all of the following:

1.     That the plaintiff suffered a loss covered under an insurance policy with the defendant;

2.     That the defendant was notified of the loss;

3.     That the defendant, unreasonably or without proper cause, failed to pay policy benefits;

4.     That the plaintiff was harmed; and

5.     That the defendant's failure to pay policy benefits was a substantial factor in causing the plaintiff's harm.

In determining whether the defendant acted unreasonably or without proper cause, you should consider only the information that the defendant knew or reasonably should have known at the time when it failed to pay policy benefits.

Authority: CACI 2331 (modified).

Court Notes: The parties have stipulated to this instruction.  The Court has made minor modifications since Mr. Walker is claiming only a failure to pay and not a delay in payment.  The Court has also removed one sentence proposed by the parties: "To act or fail to act 'unreasonably' means that the insurer had no proper cause for its conduct."  This sentence is unnecessary and is not part of the CACI instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. ____**

**BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING –**

**FAILURE TO PROPERLY INVESTIGATE CLAIM**

The defendant acted unreasonably or without proper cause if it failed to conduct a full, fair, and thorough investigation of all of the bases of the claim. When investigating the plaintiff's claim, the defendant had a duty to diligently search for and consider evidence that supported coverage of the claimed loss.

Authority: CACI 2332.

Court Notes: Mr. Walker has offered this instruction. FIC has objected on the ground that "[t]here is no dispute that damage to the vehicle is covered under the insuring provision of the insurance policy. Rather, the disputes pertain to whether plaintiff breached conditions precedent to the insurance policy . . . ." Prop. Jury Instructions at 55.

The Court is inclined to give this instruction since Mr. Walker may fairly argue that FIC failed to properly investigate when it asked him to provide immaterial information during his examination under oath. Also, as explained in Mr. Walker's trial brief, FIC allegedly failed to properly investigate because, *e.g.*, it did not look into who (other than Mr. Walker) could have stolen the car. *See* Pl.'s Tr. Br. at 10-11.

1   ~~JURY INSTRUCTION NO. ____~~

2   ~~BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING—~~

3   ~~FACTORS TO CONSIDER IN EVALUATING INSURER'S CONDUCT~~

4

5   ~~In determining whether the defendant acted unreasonably or without proper cause, you~~

6   ~~may consider whether the defendant did any of the following:~~

7   ~~[(a)   Misrepresented to the plaintiff relevant facts or insurance policy provisions relating to any~~

8   ~~coverage at issue.]~~

9   ~~[(b)   Failed to acknowledge and act reasonably promptly after receiving communications about~~

10   ~~the plaintiff's claim arising under the insurance policy.]~~

11   ~~[(c)   Failed to adopt and implement reasonable standards for the prompt investigation and~~

12   ~~processing of claims arising under its insurance policies.]~~

13   ~~[(d)   Failed to accept or deny coverage of claims within a reasonable time after the plaintiff~~

14   ~~completed and submitted proof-of-loss requirements.]~~

15   ~~[(e)   Did not attempt in good faith to reach a prompt, fair, and equitable settlement of the~~

16   ~~plaintiff's claim after liability had become reasonably clear.]~~

17   ~~[(f)   Required the plaintiff to file a lawsuit to recover amounts due under the policy by offering~~

18   ~~substantially less than the amount that he ultimately recovered in the lawsuit, even though~~

19   ~~the plaintiff had made a claim for an amount reasonably close to the amount ultimately~~

20   ~~recovered.]~~

21   ~~[(g)   Attempted to settle the plaintiff's claim for less than the amount to which a reasonable~~

22   ~~person would have believed he or she was entitled by referring to written or printed~~

23   ~~advertising material accompanying or made part of the application.]~~

24   ~~[(h)   Attempted to settle the claim on the basis of an application that was altered without notice~~

25   ~~to, or knowledge or consent of, the plaintiff, his representative, agent, or broker.]~~

26   ~~[(i)   Failed, after payment of a claim, to inform the plaintiff at his request, of the coverage~~

27   ~~under which payment was made.]~~

28

United States District Court
For the Northern District of California

1   [(j)    Informed the plaintiff of its practice of appealing from arbitration awards in favor of

2          insureds or claimants for the purpose of forcing them to accept settlements or compromises

3          less than the amount awarded in arbitration.]

4   [(k)    Delayed the investigation or payment of the claim by requiring the plaintiff, [or his

5          physician], to submit a preliminary claim report, and then also required the submission of

6          formal proof-of-loss forms, both of which contained substantially the same information.]

7   [(l)    Failed to settle a claim against the plaintiff promptly once his liability had become

8          apparent, under one portion of the insurance policy coverage in order to influence

9          settlements under other portions of the insurance policy coverage.]

10  [(m)    Failed to promptly provide a reasonable explanation of its reasons for denying the claim or

11         offering a compromise settlement, based on the provisions of the insurance policy in

12         relation to the facts or applicable law.]

13  [(n)    Directly advised the plaintiff not to hire an attorney.]

14  [(o)    Misled the plaintiff as to the applicable statute of limitations, that is, the date by which an

15         action against the defendant on the claim had to be filed.]

16  [(p)    Delayed the payment or provision of hospital, medical, or surgical benefits for services

17         provided with respect to acquired immune deficiency syndrome (AIDS) or AIDS-related

18         complex for more than 60 days after it had received the plaintiff's claim for those benefits,

19         doing so in order to investigate whether the plaintiff had the condition before obtaining the

20         insurance coverage.  However, the 60-day period does not include any time during which

21         the defendant was waiting for a response for relevant medical information from a

22         healthcare provider.]

23         The presence or absence of any of these factors alone is not enough to determine whether

24  the defendant's conduct was or was not unreasonable or without proper cause.  You must consider

25  the defendant's conduct as a whole in making this determination.

26

27  Authority: CACI 2337.

28

43

Court Notes: Mr. Walker has offered this instruction.  FIC has objected to the instruction on the ground that "it is only partially filled out and is therefore vague."  Prop. Jury Instructions at 58.

The Court is not inclined to give this instruction because the factual circumstances here are very different from any of those contemplated above.  This instruction will confuse the jury.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING –**

**ADVICE OF COUNSEL**

The defendant did not breach the obligation of good faith and fair dealing if it reasonably relied on the advice of its lawyer.  The defendant's reliance was reasonable if:

1.    The defendant acted in reliance on the opinion and advice of its lawyer;

2.    The lawyer's advice was based on full disclosure by the defendant of all relevant facts that it knew, or could have discovered with reasonable effort;

3.    The defendant reasonably believed the advice of the lawyer was correct; and

4.    In relying on its lawyer's advice, the defendant gave at least as much consideration to the plaintiff's interest as it gave its own interest.

Authority: CACI 2335.

Court Notes: The parties have stipulated to this instruction.  The Court notes that, per the CACI Directions for use, this defense "is not a true affirmative defense, but rather negates an essential element of the insured's cause of action for bad faith."  CACI 2335, Directions for Use.

1   ~~JURY INSTRUCTION NO. ____~~

2   ~~SPECIAL INSTRUCTION - GOOD FAITH DOES NOT REQUIRE THE PAYMENT OF~~

3   ~~EVERY CLAIM~~

4

5   ~~An insurer is not required to pay every claim presented to it.  Besides the duty to deal fairly~~

6   ~~with the insured, the insurer also has a duty to its other policyholders and to the stockholders not~~

7   ~~to dissipate its reserves through the payment of meritless claims.~~

8

9   Court Notes: FIC has offered this instruction.  The Court shall not give the instruction for the

10  reasons explained in its rulings on the motions in limine.

1      ~~JURY INSTRUCTION NO. ____~~

2   ~~SPECIAL INSTRUCTION – INSURER ENTITLED TO ASSERT ITS OWN INTERESTS~~

3

4      ~~An insurance company is privileged, in preserving its own economic interests, to assert in~~

5   ~~a permissible way its legal rights and to communicate its position in good faith to its insured.  It~~

6   ~~may do so even if it is substantially certain that doing so will cause the insured to suffer economic~~

7   ~~hardship.  The insurer's actions in asserting and communicating its rights must be based on a good~~

8   ~~faith belief in the existence of the rights asserted.~~

9

10   Court Notes: FIC has offered this instruction.  The Court is not inclined to give the instruction.

11   The instructions above already reflect that it is permissible for an insurer to consider its own

12   interests – so long as it also gives at least as much consideration to the insured's interests.

~~**JURY INSTRUCTION NO. ____**~~

~~**SPECIAL INSTRUCTION – REFUSAL TO PAY POLICY BENEFITS ALONE DOES**~~

~~**NOT CONSTITUTE BAD FAITH**~~

~~An insurer does not incur liability for bad faith for every refusal to pay all policy benefits as claimed.  As long as the claim has been evaluated objectively, a denial based on a genuine and bona fide question as to coverage or amount of loss is not, by itself, so unreasonable as to breach the implied covenant of good faith and fair dealing.~~

Court Notes: FIC has offered this instruction.  The Court is not inclined to give the instruction. The other instructions already reflect that bad faith requires that a defendant, *unreasonably or without proper cause*, fail to pay policy benefits.

1
2
3
4

**~~JURY INSTRUCTION NO. ___~~**

**~~SPECIAL INSTRUCTION—NO CIVIL LIABILITY FOR REPORTING SUSPECTED~~**

**~~FRAUDULENT CLAIMS~~**

5
6
7
8

~~Insurers are protected by law from civil liability for reporting suspected fraudulent claims~~ ~~to the Department of Insurance Bureau of Fraudulent Claims or to law enforcement officials, even~~ ~~if it later turns out that the claim was not fraudulent.~~

9
10
11

Court Notes: FIC has offered this instruction.  The Court is not inclined to give the instruction, particularly as there is no suggestion that Mr. Walker will argue that FIC has in some way violated the law.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. _____**

**DAMAGES – GENERALLY – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on either claim for breach of contract or breach of the implied obligation of good faith and fair dealing, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  ~~Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.~~

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: 9th Cir. Model Civil Jury Instruction No. 5.1 (modified).

Court Notes: FIC has offered this instruction.  The Court is inclined to give the instruction as it gives general guidance on damages.  However, as discussed below, the Court also finds it appropriate to give damages instructions that are specific to the two claims at issue.  For that reason, the Court has stricken the above sentence.

1

JURY ISTRUCTION ____

2

SPECIAL INSTRUCTION – LIABILITY MUST BE DECIDED BEFORE DAMAGES

3

4       In deliberating on your verdict, you must first decide whether there is any liability on the

5   part of the defendant.  This means that you must first consider whether the defendant has done

6   something which, under the law, as I have explained it to you in these instructions, entitles the

7   plaintiff to recover damages against the defendant.  The defendant can be found liable in this case

8   only under the following theories, which I have explained:

9       (1) Breach of contract; or

10       (2) Breach of the implied obligation of good faith and fair dealing.

11       If you find that the defendant is liable to the plaintiff under the law, only then can you

12   award damages to the plaintiff.  However, the question of damages is not to be considered by you

13   for any purpose in the jury room, unless and until you have decided whether or not the defendant

14   is liable.

15       If you decide the question of liability in favor of the defendant, you will immediately

16   return your verdict in favor of the defendant and not discuss the subject of damages.

17       I will not explain what types of damages are available under each of the theories the

18   plaintiff has asserted, if liability is found, and how any such damages are to be calculated by you.

19

20   Court Notes: FIC has offered this instruction.  The Court is not inclined to give the instruction.

21   FIC's concerns are addressed in other instructions and through the jury verdict form.

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1

**JURY INSTRUCTION NO. _____**

2

**DAMAGES –**

3

**DAMAGES FOR BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM**

4

5        If you decide that the plaintiff has proved his claim against the defendant for breach of the

6   contractual duty to pay a covered claim, you also must decide how much money will reasonably

7   compensate the plaintiff for the harm caused by the breach.  This compensation is called

8   "damages."  The purpose of such damages is to put the plaintiff in as good a position as he would

9   have been if the defendant had performed as promised.

10        To recover damages for any harm, the plaintiff must prove that when the contract was

11   made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the

12   ordinary course of events as result of the breach of the contract.

13        The plaintiff also must prove the amount of his damages according to the following

14   instructions.  He does not have to prove the exact amount of damages. You must not speculate or

15   guess in awarding damages.

16        The plaintiff claims damages for [ identify general damages claimed ].  Plaintiff to provide

17   by March 25, 2016.

18

19   Authority: CACI 350.

20   Court Notes: Mr. Walker has offered this instruction.  The Court is inclined to give the instruction

21   as there are differences in the damages sought for the contract claim and the damages sought for

22   the bad faith claim.

23

24

25

26

27

28

52

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

~~**JURY INSTRUCTION NO. ____**~~

~~**SPECIAL DAMAGES**~~

~~The plaintiff [also] claims damages for [ identify special damages ].~~
~~To recover for this harm, the plaintiff must prove that when the parties made the contract,~~
~~the defendant knew or reasonably should have known of the special circumstances leading to the~~
~~harm.~~

Authority: CACI 351.

Court Notes: Mr. Walker has offered this instruction.  The Court is not inclined to give this

instruction absent information from Mr. Walker regarding what special damages he seeks (for

breach of contract).

~~**JURY INSTRUCTION NO. ____**~~

~~**OBLIGATION TO PAY MONEY ONLY**~~

~~To recover damages for the breach of contract to pay money, Michael Walker must prove the amount due under the contract.~~

Authority: CACI 355.

Court Notes: The parties have stipulated to this instruction.  The Court is not inclined to give the instruction given the information contained in the other instructions above.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. ____**

**DAMAGES –**

**DAMAGES FOR BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING**

If you decide that the plaintiff has proved his claim against the defendant for breach of the implied obligation of good faith and fair dealing, you also must decide how much money will reasonably compensate the plaintiff for the harm.  This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by the defendant, even if the particular harm could not have been anticipated.

The plaintiff must prove the amount of his damages.  However, the plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by the plaintiff:

1.    Mental suffering/anxiety/humiliation/emotional distress; and

2.    The cost of attorney fees to recover the insurance policy benefits.  [and]

3.    [ Insert other applicable item of damage. ]

No fixed standard exists for deciding the amount of damages for mental or emotional distress.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental or emotional distress, the plaintiff must prove that he is reasonably certain to suffer that harm.

To recover attorney fees the plaintiff must prove that because of the defendant's breach of the obligation of good faith and fair dealing it was reasonably necessary for him to hire an attorney to recover the policy benefits.  The plaintiff may recover attorney fees he incurred to obtain policy benefits but not attorney fees he incurred for other purposes.

Authority: CACI 2350.

55

Court Notes: Mr. Walker has offered this instruction.  The Court is inclined to give the instruction as there are differences in the damages sought for the contract claim and the damages sought for the bad faith claim.  Mr. Walker's trial brief suggests that he may be seeking damages other than those identified above.  The parties should meet and confer to see if they can stipulate to language to address these additional damages.  The proposed language shall be filed no later than **March 25, 2016**.

**JURY INSTRUCTION NO. _____**

**DAMAGES – GENERALLY – MITIGATION**


The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.


Authority: 9th Cir. Model Civil Jury Instruction No. 5.3.

Court Notes: FIC has offered this instruction.  The Court is inclined to give the instruction so long as FIC presents evidence related to mitigation.

**JURY INSTRUCTION NO. \_\_\_\_**

**DAMAGES –**

**DAMAGES FOR BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING – PUNITIVE DAMAGES**

If you decide that the defendant breached the implied obligation of good faith and fair dealing, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against the defendant only if the plaintiff proves that the defendant engaged in that conduct with malice, oppression, or fraud. To do this, the plaintiff must prove one of the following by clear and convincing evidence:

1.      That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of the defendant, who acted on behalf of the defendant; or

2.      That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of the defendant; or

3.      That one or more officers, directors, or managing agents of the defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that the defendant acted with intent to cause injury or that the defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that the defendant's was despicable and subjected the plaintiff to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

1   "Fraud" means that the defendant intentionally misrepresented or concealed a material fact

2   and did so intending to harm the plaintiff.

3       An employee is a "managing agent" if he or she exercises substantial independent authority

4   and judgment in his or her corporate decisionmaking such that his or her decisions ultimately

5   determine corporate policy.

6       There is no fixed formula for determining the amount of punitive damages, and you are not

7   required to award any punitive damages.  If you decide to award punitive damages, you should

8   consider all of the following factors in determining the amount:

9   (a)   How reprehensible was the defendant's conduct?  In deciding how reprehensible the

10          defendant's conduct was, you may consider, among other factors:

11          1.    Whether the conduct caused physical harm;

12          2.    Whether the defendant disregarded the health or safety of others;

13          3.    Whether the plaintiff was financially weak or vulnerable and the defendant  knew

14                the plaintiff was financially weak or vulnerable and took advantage of him;

15          4.    Whether the defendant's conduct involved a pattern or practice; and

16          5.    Whether the defendant acted with trickery or deceit.

17  (b)   Is there a reasonable relationship between the amount of punitive damages and the

18          plaintiff's harm [or between the amount of punitive damages and potential harm to the

19          plaintiff that the defendant knew was likely to occur because of its conduct]?

20  (c)   In view of the defendant's financial condition, what amount is necessary to punish it and

21          discourage future wrongful conduct?  You may not increase the punitive award above an

22          amount that is otherwise appropriate merely because the defendant has substantial financial

23          resources.  Any award you impose may not exceed the defendant's ability to pay.

24      Punitive damages may not be used to punish the defendant for the impact of its alleged

25   misconduct on persons other than the plaintiff.

26      When a party has the burden of proving any claim or defense by clear and convincing

27   evidence, it means you must be persuaded by the evidence that the claim or defense is highly

28   probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

United States District Court
For the Northern District of California

1

2  Authority: CACI 3945; 9th Cir. Model Civil Jury Instruction No. 1.4.

3  Court Notes: FIC has offered the CACI instruction on punitive damages.  It has also offered the

4  Ninth Circuit model instruction on punitive damages.  *See* Prop. Jury Instructions at 73.  The

5  Court sees no need to give two instructions on punitive damages.  The Court finds it appropriate to

6  use the CACI instruction as only state law claims are at issue here.  Assuming bifurcation, the

7  Court shall give this instruction only if there is a punitive damages phase.  The Court has added

8  the Ninth Circuit instruction on clear-and-convincing evidence to the CACI instruction.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

~~JURY INSTRUCTION NO. ____~~

~~SPECIAL INSTRUCTION – PUNITIVE DAMAGES – EVIDENCE OF MALICE,~~
~~OPPRESSION, OR FRAUD MUST BE INCONSISTENT WITH HONEST ERROR OR~~
~~MERE NEGLIGENCE~~

~~Plaintiff is not entitled to punitive damages if the evidence is merely consistent with the~~
~~possibility of oppression, malice, or fraud.  Rather, the evidence must be inconsistent with the~~
~~possibility that the defendant acted based on a mistake of law or fact, an honest error of judgment,~~
~~mere negligent or other such human failing.~~

Court Notes: FIC has offered this instruction.  The Court is not inclined to give the instruction
because the instruction on punitive damages above is adequate.

# ~~JURY INSTRUCTION NO. ____~~

## ~~SPECIAL INSTRUCTION – PUNITIVE DAMAGES – FINDING OF MALICE, OPPRESSION, OR FRAUD CAN ONLY BE BASED ON CONDUCT THAT GAVE RISE TO LIABILITY~~

~~If you find that the defendant breached the implied covenant of good faith and fair dealing and that its breach harmed the plaintiff, you may then consider whether the defendant acted with malice, oppression, or fraud.  A finding of malice, oppression, or fraud must be based upon the same wrongful conduct that you find harmed the plaintiff.  You may not base a finding of malice, oppression, or fraud on conduct other than the wrongful conduct that harmed the plaintiff.~~

Court Notes: FIC has offered this instruction.  The Court is not inclined to give the instruction because the instruction on punitive damages above is adequate.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.1.

Court Notes: The parties have stipulated to this instruction.

1

**JURY INSTRUCTION NO. ____**

2

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

3

4      Because you must base your verdict only on the evidence received in the case and on these

5 instructions, I remind you that you must not be exposed to any other information about the case or

6 to the issues it involves.  Except for discussing the case with your fellow jurors during your

7 deliberations:

8             Do not communicate with anyone in any way and do not let

9        anyone else communicate with you in any way about the merits of

10        the case or anything to do with it.  This includes discussing the case

11        in person, in writing, by phone or electronic means, via email, text

12        messaging, or any Internet chat room, blog, website or other feature.

13        This applies to communicating with your family members, your

14        employer, the media or press, and the people involved in the trial.  If

15        you are asked or approached in any way about your jury service or

16        anything about this case, you must respond that you have been

17        ordered not to discuss the matter and to report the contact to the

18        court.

19             Do not read, watch, or listen to any news or media accounts

20        or commentary about the case or anything to do with it; do not do

21        any research, such as consulting dictionaries, searching the Internet

22        or using other reference materials; and do not make any

23        investigation or in any other way try to learn about the case on your

24        own.

25      The law requires these restrictions to ensure the parties have a fair trial based on the same

26 evidence that each party has had an opportunity to address.  A juror who violates these restrictions

27 jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the

28

**United States District Court**
For the Northern District of California

entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.1A.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. _____**

**COMMUNICATION WITH COURT**


If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.


Authority: 9th Cir. Model Civil Jury Instruction No. 3.2.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. _____**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.3.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. _____**

**READBACK OR PLAYBACK**


Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.]  [Because of the length of the testimony of this witness, excerpts will be [read] [played].]  The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.


Authority: 9th Cir. Model Civil Jury Instruction No. 3.2.A.

Court Notes: The parties have stipulated to this instruction.  The Court notes that the comments for the model instruction note that, "[i]f during jury deliberations a request is made by the jury or juror for a readback of a portion or all of a witness's testimony, *and the court in exercising its discretion determines after consultation with legal counsel that a readback should be allowed*, the committee recommends the following admonition be given in open court with both sides and the defendant present . . . ." (emphasis added).]