UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITRIN AUTO & HOME INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 14-cv-03161-EMC<br><br>**ORDER RE USE OF WRITTEN DISCOVERY RESPONSES**<br><br>Docket No. 113, 120, 130 |

Previously, the Court ordered as follows:

> The Court orders the parties to reconsider their designations for various reasons – *e.g.*, some of the responses are objections or other nonsubstantive statements and, for the RFA responses specifically, some of the responses are also denials or statements that the party lacks sufficient information to admit or deny. The parties should hone in on which specific discovery responses they will actually need to present to the jury, particularly given the time constraints that have been imposed in this case, and present only the precise questions and answers they need to use. The parties shall also meet and confer as to how these responses will be presented at trial (*e.g.*, read into the record, submitted as an exhibit?). The parties shall submit revised discovery responses to the Court by **March 18, 2016**.

Docket No. 128 (Order at 9) (emphasis in original).

Both parties failed to make any filing on March 18 as ordered. On March 21, 2016, FIC made a filing in which it (1) stated that responses should be read to the jury and not presented as an exhibit, (2) stated that it was not changing any of its designations, and (3) continued to make objections to Mr. Walker's designations. As of date, Mr. Walker has yet to make any filing.

The Court hereby orders as follows.

(1)    Neither side has made a good faith attempt to narrow its use of discovery responses. **The parties are forewarned that future failure to comply with Court orders may**

1  **result in sanctions.**

2      (2)    The responses shall be read aloud to the jury. As a practical matter, the responses cannot be submitted as exhibits because of, *e.g.*, objections made in the responses, and redaction of objections would potentially be confusing to the jury.

    (3)    With respect to FIC's designations, the Court questions the utility of the responses designated, particularly as they may be cumulative of other evidence. However, the Court shall permit FIC to rely on the designations, with limited exceptions as noted below.

    **RFA No. 31.** FIC shall not be allowed to read to the jury Mr. Walker's original response to RFA No. 31 because the response was not an admission but rather an objection. FIC may still read the supplemental response to RFA No. 31 to the jury.

    **Rog No. 1.** FIC shall not be allowed to read to the jury the entirety of Mr. Walker's original response and supplemental response to Rog No. 1. More specifically, that part of the responses that constitute objections shall not be read aloud.

    (4)    With respect to Mr. Walker's designations, the Court again questions the utility of the responses designated, particularly as they may be cumulative of other evidence. Nevertheless, the Court rules as follows.

    Where the Court is permitting Mr. Walker to read a response, only the response shall be read and not any part of the response that constitutes an objection.

    The Court sustains FIC's general objection to "SUBJECT LOSS"; however, because the term can easily be defined in a neutral way, that objection is not grounds for excluding a response. The parties shall meet and confer to see if they can reach agreement on a neutral definition for "SUBJECT LOSS." The parties shall report back on their meet and confer efforts by **March 25, 2016**. If no agreement has been reached, each party shall submit its proposed definition. **The parties are forewarned that, if they cannot reach agreement, the Court *shall* sanction the party or even both parties if they have taken positions that are not substantially justified.**

    **RFAs Nos. 3-5.** Mr. Walker may read the responses to the jury.

    **RFA No. 6.** Mr. Walker shall not be allowed to read the response to the jury. The response is not an admission.

**RFAs Nos. 11-13.**  Mr. Walker may read the responses to the jury.

**RFA Nos. 24-25.**  Mr. Walker shall not be allowed to read the responses to the jury.  The responses are not admissions.

**RFA No. 26.**  Mr. Walker may read the response to the jury.

**RFA Nos. 27-28.**  Mr. Walker shall not be allowed to read the responses to the jury.  The responses are not admissions.

**RFA No. 31.**  Mr. Walker shall not be allowed to read the response or the amended response to the jury.  The response is not an admission.  The Court notes, however, that, Mr. Walker is not barred from asking FIC witnesses, during trial, about whether FIC hired counsel who advised FIC to deny the claim prior to Mr. Walker's examination under oath.

**RFAs Nos. 32-33.**  Mr. Walker shall not be allowed to read the responses or amended responses to the jury.  Reading both will confuse the jury.  Moreover, it will be clear to the jury during trial that FIC is relying on the defense of advice of counsel.

**RFA Nos. 36-38.**  Mr. Walker may read the responses to the jury.

**RFAs Nos. 39, 41.**  Mr. Walker shall not be allowed to read the responses to the jury.  The responses are not admissions.

**RFAs Nos. 42-43.**  Mr. Walker may read the responses to the jury.  It appears that one of Mr. Walker's theories is that FIC denied his claim because he is African American – or at least that Mr. Walker's race played a role in FIC's decision making.  FIC may challenge this theory, *e.g.*, by arguing that there is no evidence to support racial animus or bias, but Mr. Walker may still rely on the responses.

**RFAs Nos. 44-46.**  Mr. Walker shall not be allowed to read the responses to the jury.  The responses are not admissions.  The Court notes, however, that Mr. Walker may ask FIC witnesses, during trial, about whether FIC knew – during its decision making process only (*i.e.* not after the denial of the claim) – whether Mr. Walker was being prosecuted for any crime related to vehicle.

**RFA No. 47.**  Mr. Walker may read the response to the jury.

**RFA No. 48.**  Mr. Walker may read the response to the jury.

**RFA No. 49.**  Mr. Walker shall not be allowed to read the response to the jury.  The

response is not an admission.  The Court notes, however, that Mr. Walker may ask FIC witnesses, during trial, whether FIC knew – during its decision making process only (*i.e.* not after the denial of the claim) – that the vehicle was a total loss to the extent it was stripped and vandalized regardless of whether or it was also burned.

**RFA Nos. 50, 54.**  Mr. Walker may read the responses to the jury.

**RFA No. 55.**  Mr. Walker may read the response to the jury.

**RFA No. 58.**  Mr. Walker shall not be allowed to read the response to the jury.  The response is not an admission.  The Court notes, however, that Mr. Walker may ask FIC witnesses, during trial, whether FIC knew – during its decision making process only (*i.e.* not after the denial of the claim) – that the vehicle had a gap in the window that was approximately six inches.

**RFA No. 59.**  Mr. Walker may read the response to the jury.

**RFA No. 60.**  Mr. Walker shall not be allowed to read the response to the jury.  The response is not an admission.  The Court notes, however, that Mr. Walker may ask FIC witnesses, during trial, whether FIC knew – during its decision making process only (*i.e.* not after the denial of the claim) – Mr. Walker had made any material misrepresentation regarding finances.

**RFA No. 61.**  Mr. Walker shall not be allowed to read the response to the jury.  The response is not an admission.  The Court notes, however, that Mr. Walker may ask FIC witnesses, during trial, whether FIC knew – during its decision making process only (*i.e.* not after the denial of the claim) – of other means to obtain financial information about Mr. Walker.

**Rog No. 1.**  Mr. Walker shall not be allowed to read the response to the jury.  The response is a waste of time.

**Rogs Nos. 2-4.**  Mr. Walker may read the response to the jury.

**Rog Nos. 5-6.**  Mr. Walker shall not be allowed to read the response to the jury.  The response is a waste of time.

**Rog No. 9.**  Mr. Walker may read the response to the jury.

**Rog No. 10.**  Mr. Walker shall not be allowed to read the response to the jury.  The response is not a substantive response and consists only of objections.

**Rog No. 11.**  Mr. Walker may read the response to the jury.

4

**Rog Nos. 12-14.**  Mr. Walker shall not be allowed to read the responses to the jury.  The responses are a waste of time.  The Court notes, however, that Mr. Walker may ask FIC witnesses, during trial, if FIC suspected – during its decision making process only (*i.e.* not after the denial of the claim) – that Mr. Walker was responsible for the alleged theft and/or arson.

**Rog Nos. 17-23.**  Mr. Walker may read the responses to the jury.

**Rog No. 24.**  Mr. Walker shall not be allowed to read the response to the jury.  The response is not a substantive response.  The Court notes, however, that Mr. Walker may ask FIC witnesses, during trial, whether FIC knew – during its decision making process only (*i.e.* not after the denial of the claim) – that the vehicle was a total loss to the extent it was stripped and vandalized regardless of whether or it was also burned.

**IT IS SO ORDERED**.

Dated: March 22, 2016

_____

EDWARD M. CHEN
United States District Judge